

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 10, 2020

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

     Re:    *United States v. Brian Mora*, 19 Cr. 514 (JPO)

Dear Judge Oetken:

     The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for September 18, 2020 at 2:00 p.m. As set forth in the parties' plea agreement and the Final Presentence Investigation Report ("PSR"), the applicable United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") sentence is the mandatory minimum of 10 years' imprisonment. For the reasons explained below, the Government submits that a Guidelines sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A. Factual Background**

     Brian Mora was a member of a violent narcotics conspiracy, and himself perpetrated at least two shootings connected to his drug crew's activities. Shortly after being released from prison in 2016, Mora joined his brother, Antonio Mora, in selling crack and heroin. (PSR ¶ 10). Antonio was part of a broader drug crew operating in the Bronx that had a rivalry with another crew in the neighborhood. (PSR ¶ 10). The violence between the two groups escalated in the fall of 2018. On September 6, 2018, Brian Mora was captured on surveillance video chasing another individual with a gun. Mora shot that victim, injuring him in the bicep and abdomen. (PSR ¶ 11). Surveillance video captured Brian Mora fleeing the scene with his brother Antonio, on the back of Antonio's motorcycle. (PSR ¶ 12-17). Only eleven days later, Brian Mora and his brother perpetrated another brazen shooting in broad daylight. (PSR ¶ 20). Upon spotting a rival drug dealer walking on the street with his young daughter in the vicinity of 183rd Street and University Avenue, Antonio and Brian Mora, and a third individual, exited their vehicle wearing black masks and chased that rival dealer. (PSR ¶ 20). When their target lifted his daughter into his arms and tried to run, Brian and Antonio ripped her out of his arms and threw her to the ground. (PSR ¶ 21). Brian Mora then shot the drug dealer in the leg and he and his two accomplices ran away. (PSR ¶ 21).

   Brian Mora and his brother Antonio were indicted on July 15, 2019, in two counts. Count One charged them with conspiring to distribute one kilogram and more of heroin, and 280 grams and more of crack, in violation of 21 U.S.C. § 846. Count Two charged them with using and discharging a firearm in relation to the narcotics conspiracy, in violation of 18 U.S.C. § 924(c). On March 13, 2020, the defendant pleaded guilty to Count Two. (PSR ¶ 5).

## B.  Presentence Investigation Report and Recommended Sentence

 As noted above, Probation calculates a Guidelines sentence of 10 years' imprisonment, the mandatory term required by statute. The Probation Department recommends a Guidelines sentence.

## C.  Discussion

### 1.  Applicable Law

   As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 596. After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* at 50 & n.6.

### 2.  A Guidelines Sentence Is Appropriate in This Case

   In this case, the Guidelines sentence of 10 years' imprisonment is appropriate. The sentencing factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to protect the public from further crimes of the defendant, and to afford adequate deterrence to this defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). These considerations weigh in favor of a sentence within the Guidelines range. The defendant committed not one, but two, horrific shootings that terrorized a neighborhood in the Bronx, caused serious injuries, and put a young child at risk. After committing the first shooting on September 6, 2018, and injuring a young man, Mora was only emboldened to further acts of violence. Less than two weeks later, he shot and injured another target, this time demonstrating a complete indifference to the fact that his victim was with his toddler daughter, who was put in harm's way and violently thrown from her father's arms, and who will forever be traumatized by seeing her father shot before her eyes. This violent activity went hand-in-hand with the defendant's participation in a narcotics conspiracy that flooded a neighborhood with dangerous drugs. A sentence that affords serious deterrence is plainly warranted—the defendant joined the conspiracy after being released from prison, and he committed two shootings in close succession, demonstrating a complete lack of remorse after shooting and injuring his first victim. The shootings placed not only the victims at risk, but

innocent bystanders too—they were committed in broad daylight, and in the presence of other people.

For these reasons, the Government respectfully requests that the Court impose the Guidelines sentence.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____
Danielle R. Sassoon
Assistant United States Attorney
(212) 637-1115

cc: Clay Kaminsky, Esq. (by ECF)